The proof offered by the defendant is to show that this property was sold by the sheriff at execution sale for a sum less than its real value. This proof is objected to by the complainant on the ground that a repayment of the principal sum with interest and costs is all that can be required. In common cases, a surety paying the debt of his principal can not require more from him than a repayment of the sum actually paid, with legal interest on his money by way of damages. No doubt many cases of extreme hardship may arise; when money must be raised to satisfy an execution, the payee, in most cases, must incur a loss either by voluntarily parting with his property at a low price, or suffer the sheriff to sell it at a price still more reduced. But to these disadvantages he voluntarily exposes himself when he becomes surety, and the law affords him no relief against his principal for these consequential damages. Our acts of assembly giving summary relief to sureties who have paid the debts of their principal are predicated on this principle, that a repayment of the sum paid is a complete discharge, and make no distinction whether the money has been paid by a sale by the officer or not, or whether a greater or a less sacrifice has been made in the value so sold. To establish a different rule would create endless confusion, collusion, combination and fraud. The surety must rest contented without any remuneration for these extraordinary losses, except the principal voluntarily repairs them, which, in some cases, gratitude ought to excite him to do, or unless there be an express stipulation for that purpose. This leads to the principal inquiry in this case, and that is, whether there be any such express stipulation here; if there be, it must be collected from the expressions contained in the bond given by Lancaster to Vance. It is a penal bond. The *Page 134 
condition was as follows (here he recited the condition as it is stated in the opinion of the other judge). It is believed that no obligation, by the expression used in this bond, is created greater or other than existed before. It only recites the different modes of indemnity, either of which were deemed sufficient, and on the performance of which the land was to be reconveyed. First, a payment by Vance of debt, interest and costs to the firm. This certainly would have been a complete indemnity; secondly, by putting a sufficient property in Smith county, to be levied on, so as to keep the said John Lancaster from damages. If this clause had been the only stipulation, it is unnecessary to say how far the breach of such a contract would have made Vance liable to, or accountable for, any loss that may have accrued from the difference between the real value of the property and that procured for it at sheriff's sale; for it seems the parties had in view that a failure on this stipulation might take place; they therefore provided another alternative which would also operate as an indemnity; which is, thirdly, to pay up to the said John Lancaster, his heirs, c., the full amount of said debt and interest and costs, on or before the first day of April, 1812. These expressions evidently contemplate a payment of the money to him by a time specified to be a complete indemnity. There is, therefore, no reason whatever to say that Vance by his contract has placed himself in any other or worse situation, except as to time than the law had placed him. It follows as a consequence, that, as the testimony offered would be wholly immaterial, it could not have any effect in the decision in this cause, and must, be rejected.